State of Wisconsin, Plaintiff-Respondent,
v.
Sean P. Tate, Defendant-Appellant.
No. 01-2180.
Court of Appeals of Wisconsin.
Opinion Filed: August 26, 2004.
Before Deininger, P.J., Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Sean Tate appeals orders denying postconviction relief from a 1996 felony murder conviction. Tate brought his motion for relief under WIS. STAT. § 974.06 (2001-02).[1] It concerned issues that trial counsel, and later postconviction counsel, failed to pursue, allegedly due to their ineffective representation. Because Tate would not have prevailed on any of these issues had counsel raised them, we affirm.
¶2 Four men committed a 1996 armed robbery in which a victim was shot and killed. Police suspected Tate and his brother, Daymon Tate, and went to Daymon's residence to arrest them. They entered the residence without a warrant, and did so unlawfully according to an unchallenged trial court finding. Sean ran out of the back door and was arrested outside the house. At the time there were outstanding warrants for his arrest, as well as a probation apprehension request.
¶3 Between twenty-four and thirty-six hours after his arrest, while in custody, Tate gave the police inculpatory statements. He received a probable cause hearing forty-four hours after his arrest. At his trial, the witnesses included two of his accomplices, his brother Daymon and Keith Baldwin, and Benjamin Blunt. All three of these witnesses were arrested at Daymon's house at the same time Sean was. The State obtained the testimony of Baldwin and Daymon by allowing them to plead to lesser charges in exchange for their truthful testimony against Sean. Both testified to the terms of their plea bargain at trial, although Sean now contends that either his counsel negligently failed to elicit important details of the bargain, or the prosecutor concealed those details.
¶4 Tate contends that trial counsel could have succeeded in suppressing his statement, and the testimony of the three witnesses mentioned above, on Fourth Amendment grounds. He also contends that either counsel's failure to elicit the plea bargain details, or the State's concealment of those details, deprived him of a fair trial. The appeal results from the trial court's rejection of those arguments.
¶5 Sean's post-arrest statements were not subject to a valid Fourth Amendment challenge. He contends that because the entry into Daymon's house was unlawful, his arrest was unlawful. Because his arrest was unlawful, his subsequent statements were inadmissible as the fruit of a poisoned tree. However, a confession is not automatically excluded even if it follows an illegal arrest. Kaupp v. Texas, 538 U.S. 626, 633 (2003). The proximity of the arrest to the confession, intervening circumstances, police adherence to Miranda, and the absence of flagrant misconduct in the police actions may purge the taint of the unlawful arrest, such that the subsequent confession remains admissible. Id. Such is the case here, even if we agreed that the arrest was unlawful. Tate received Miranda warnings, and did not provide his inculpatory statements until more than twenty-four hours after his arrest. Additionally, the police entry was not flagrant misconduct under any reasonable view. The officers entered Daymon's house only after someone inside opened the door for them, under circumstances where they might have believed they were invited in, although the trial court ultimately found that they were not. Because the statements were admissible, counsel could reasonably choose not to challenge their admission. Counsel cannot be faulted for failing to challenge a correct ruling. See State ex rel. Flores v. State, 183 Wis. 2d 587, 618-20, 516 N.W.2d 362 (1994).
¶6 Tate's post-arrest confinement did not violate the rule set forth in County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991), that persons arrested on warrants must receive a probable cause hearing within forty-eight hours. Tate received his hearing forty-four hours after his arrest. Counsel had no reason to raise the issue, because there was no merit to it.
¶7 Tate had no standing to challenge the testimony of inculpatory statements of others arrested at Daymon's house. Because the illegal entry into the house made those arrests illegal as well, in Tate's view, their testimony was subject to exclusion. Sean's standing to raise this issue is dependent on a showing that he had a reasonable expectation of privacy in Daymon's house. See Alderman v. United States, 394 U.S. 165, 174 (1969). However, he did not live there, nor was he temporarily staying there. He just happened to be present when the police arrived. His vicarious Fourth Amendment challenge based on the alleged violation of other's rights, was therefore meritless. See Rakas v. Illinois, 439 U.S. 128, 137 (1978) (defendant may not assert vicarious Fourth Amendment claims). Again, counsel had no obligation to pursue a meritless issue.
¶8 No credible facts of record support Sean's claim that the State concealed or counsel neglected to introduce relevant and helpful information about his accomplices' plea bargains. Sean alleged that the State promised leniency to these witnesses only if he and another alleged accomplice where convicted. He further alleged that Daymon was even promised probation if the State obtained convictions. Consequently, the jury should have known that the witnesses had a strong motive to give inculpatory testimony, whether true or not. However, Sean's only evidence of the allegedly concealed bargain is his brother Daymon's testimony which the trial court expressly found not credible. That determination is not subject to meaningful review. State v. Lalor, 2003 WI App 68, ¶11, 261 Wis. 2d 614, 661 N.W.2d 898, review denied, 2003 WI 140, 266 Wis. 2d 61, 671 N.W.2d 848, (Wis. Sep. 12, 2003) (No. 00-1957). Nor is the trial court's express decision to believe the prosecutor's testimony, in which he denied any concealed bargaining or threats. No other evidence supports Tate's allegations. Consequently, this claim of counsel's ineffectiveness, or the prosecutor's misconduct, must also fail.
By the Court.  Orders affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.